IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Savannah Perez, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Southern Glazer's Wine and Spirits, LLC, and Southern Glazer's Wine and Spirits of Texas, LLC**<br><br>*Defendant.* | <u>COLLECTIVE ACTION COMPLAINT</u> |

Savannah Perez, individually and on behalf of all others similarly situated, brings suit against Southern Glazer's Wine and Spirits, LLC and Southern Glazer's Wine and Spirits of Texas, LLC ("Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

## I. NATURE OF SUIT

1. Congress passed the Fair Labor Standards Act in 1938 in an effort to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

1

2.      Plaintiff and the other similarly situated individuals she seeks to represent, who are Defendants' current and former employees, routinely worked in excess of forty (40) hours in a workweek while employed as "sales consultants".

3.      Plaintiff and Collective Members were not paid overtime at a rate of one-and-one-half times their regular rate for all hours worked in excess of forty (40) per workweek.

4.      Plaintiff and Collective Members did not perform work that meets the definition of exempt work under the FLSA.

5.      Because there are other putative plaintiffs who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation policies, Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs on behalf of herself and all others similarly situated.

## II.     PARTIES

6.      Plaintiff, Savannah Perez, is an individual and resident of Texas. Plaintiff was employed by Defendants within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the attached notice of consent.

7.      The Putative Collective Members under the FLSA ("Collective Members") are all individuals employed by Defendants in the United States at any time in the three-year period prior to the filing of this lawsuit, who worked as sales consultants and were paid a salary for all hours worked, including hours worked in excess of forty (40) each workweek. The Collective Members will "opt in" pursuant to the FLSA by filing a consent to become a party-plaintiff. *See* 29 U.S.C. §

216(b). The Collective Members include all individuals who file a consent to join this lawsuit.

8.  Defendant, Southern Glazer's Wine and Spirits, LLC ("Glazer's"), is a limited liability company formed under the laws of Delaware. Defendant operates a wine and spirits distribution business and maintains offices located across the United States and in Canada, including Texas. Defendant can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

9.  Defendant, Southern Glazer's Wine and Spirits of Texas, LLC ("Glazer's Texas"), is a limited liability company formed under the laws of Texas. Defendant operates a wine and spirits distribution business in and across the state of Texas, including Austin, Texas. Defendant can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

### III. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and 26 U.S.C. § 7434. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

11. Glazer's Texas is a Texas entity incorporated under the laws of Texas and therefore is subject to personal jurisdiction in Texas. Defendants, Glazer's Texas and Glazer's, both, do substantial business and have significant business operations in Texas. Both Defendants employ numerous individuals, including Plaintiff, to perform work in and across the state of Texas. Therefore, both Defendants are subject to personal jurisdiction in Texas.

## IV.     COVERAGE UNDER THE FLSA

12.     Defendants are a single joint enterprise with joint business operations and employment practices. Defendants jointly employ many individuals, including Plaintiff and the Collective Members, to carry out and sustain Defendants' business operations. Each of the named Defendants consented to, authorized, and/or ratified the acts alleged herein and each is a joint employer of Plaintiff and the Collective Members within the meaning of 29 C.F.R. § 791.2.

13.     At all relevant times, Defendants have each been an "employer" or are "joint employers" of Plaintiff and the Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). For instance, Defendants use the same website to solicit and provide information for all of their distribution center locations; advertise and hold themselves out to the public as a single enterprise; operate the same business with similar employment practices and polices across all locations; and utilize the same eCommerce platform for all locations.

14.     At all relevant times, Defendants have acted directly or indirectly in the interest of an employer with respect to Plaintiff and Collective Members.

15.     At all relevant times, Defendants have each, individually and jointly, been an "employer" of Plaintiff within the meaning of Section3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

17.     At all relevant times, Southern Glazer's Wine and Spirits, LLC and Southern Glazer's Wine and Spirits of Texas, LLC have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose

4

– namely, operating a wine and spirits distribution business– where Plaintiff was employed to work.

18. At all relevant times, Southern Glazer's Wine and Spirits, LLC and Southern Glazer's Wine and Spirits of Texas, LLC have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. Specifically, Defendants are engaged in the alcohol and spirits distribution business and employ persons who handle or otherwise work on goods that have been moved or produced for commerce.

20. At all relevant times, Plaintiff and Collective Members were "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of their employment, Plaintiff and Collective Members regularly and frequently handled cases of wine and spirits and other bar service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, Plaintiff and Collective Members regularly and frequently used interstate highways and roads to deliver sample bottles and other bar service items to Defendants' customers. Plaintiff and Collective Members also documented visit notes and customer information in Defendants' customer relations management software, Proof. Finally, Plaintiff and

Collective Members regularly and frequently corresponded with Defendants' existing customers to distribute wine and spirits that were purchased across state lines or traveled in interstate commerce.

## V. FACTS

21. From approximately June of 2021 until November of 2021, Defendants employed Plaintiff Savannah Perez to work as a "Sales Consultant – Transatlantic On Premise" for Defendants in Texas.

22. Defendants paid Plaintiff an annual salary in the amount of $23,345.00.

23. Defendants paid Plaintiff on a salary-basis during her employment.

24. Defendant employed Plaintiff and other individuals as "sales consultants" within the three (3) year period preceding the filing of this lawsuit and paid them all an annual salary for all hours worked, including hours worked in excess of forty (40) each workweek.

25. Defendants are wholesale wine and spirit distributors that provide wholesale distribution to bars and restaurants across the United States.

26. Defendants employed Plaintiff and Collective Members as "sales consultants" to maintain established client accounts. As sales consultants, Plaintiff and Collective Members were required to load their truck with wine, spirits, and other bar service items from Defendants' warehouse; deliver wine, spirits, and bar service items directly to Defendants' client accounts; visit client accounts to provide customer service; and take product orders from established client accounts.

27. Plaintiff and Collective Members regularly worked more than forty (40) hours in a workweek.

28. However, Defendants did not pay Plaintiff and Collective Members overtime (i.e., one-and-one-half their hourly rate) for all hours worked over forty (40) in a workweek. Instead, Defendants misclassified Plaintiff and Collective Members as exempt employees and paid Plaintiff and Collective Members a salary to avoid overtime compensation.

29. Defendants maintained control, oversight, and direction over its operations, including employment practices.

30. Plaintiff and Collective Members were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

31. During their employment, Plaintiff and Collective Members were directly supervised by Defendants' Area Managers. Area Managers were responsible for monitoring Plaintiff and Collective Members' work on a daily basis, and Area Managers evaluated Plaintiff and Collective Members' work performance. In addition, Plaintiff and Collective Members are regularly instructed by Area Managers regarding which client accounts to visit and what products to pick up from Defendants' warehouse for delivery to clients.

32. At the beginning of each month, Defendants provided Plaintiff and Collective Members with a spreadsheet indicating the monthly sales goals for each wine and spirit brand in Defendants' portfolios. However, Plaintiff and Collective Members' pay did not change based on the number of bottles Defendants' clients purchased each month, unless the clients purchased "incentive" bottles.

33. Plaintiff and Collective Members were paid a bonus when Defendants' clients ordered "incentive" bottles (i.e., specific "incentive" brands selected from Defendants' portfolios) exceeding the sales goal set by Defendants.

34. Plaintiff and Collective Members did not have responsibility or authority to select which brands of wine and spirits were designated by Defendants as "incentive" bottles each month.

35. At all relevant times, Plaintiff and Collective Members took orders only from Defendants' existing customers. Plaintiff and Collective Members were not required to solicit new business on behalf of Defendants.

36. Plaintiff and Collective Members did not have the responsibility or authority to enter contracts for services on behalf of Defendants.

37. Moreover, Plaintiff and Collective Members were assigned to different product portfolios—such as, Transatlantic, Coastal Pacific, Fine Wine, and SGWS. Plaintiff and Collective Members did not have responsibility or authority to select which wine and spirits brands were included in their assigned portfolio.

38. In addition, Defendants' customers have the ability to order wine and spirits directly from Defendants' eCommerce application, Proof. Accordingly, Plaintiff and Collective Members spent a majority of time delivering eCommerce orders directly to client accounts and assisting clients with selecting which products to order.

39. In addition, Plaintiff and Collective Members were required to attend clients' on-premises promotions and events. Plaintiff and Collective Members did not have responsibility or authority to select which brands of wine or spirits Defendants' clients chose to promote or feature during their events. In addition, Plaintiff and Collective Members did not have authority to select which days of the week Defendants' clients held promotional events.

40. Plaintiff and Collective Members did not perform job duties that warrant exempt

status under the FLSA overtime provisions.

41. Defendants did not have a policy in place to track all of Plaintiff and Collective Members' hours worked.

42. Plaintiff and Collective Members regularly worked more than forty (40) hours in each workweek. However, Defendant paid Plaintiff and Collective Members a salary for all hours worked after forty (40) hours in each workweek.

43. In other words, while paying Plaintiff and Collective Members a salary, Defendants did not pay Plaintiff and Collective Members one-and-one-half her regular rate for the hours Plaintiff and Collective Members worked over forty (40) in a workweek.

44. Defendants' method of paying Plaintiff and Collective Members in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

45. Defendants' method of paying Plaintiff and Collective Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

46. Defendants are an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that Defendants failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours,

i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

### VI.   COLLECTIVE ACTION ALLEGATIONS

47.  The foregoing paragraphs are fully incorporated herein.

48.  Plaintiff brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly situated former and current employees of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to the FLSA, is defined as:

> **All individuals employed by Defendants in the United States at any time in the three-year period prior to the filing of this lawsuit, who worked as sales consultants and were paid a salary for all hours worked, including hours worked in excess of forty (40) each workweek.**

49.  FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

50.  Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on other sales consultants who worked for Defendants. Specifically, Plaintiff is aware of other sales consultants who regularly and frequently worked more than forty (40) hours each workweek and were not paid overtime compensation.

51.  Plaintiff and Collective Members have the same pay structure, have the same job duties, were all paid a salary, and were all not paid at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) each workweek. Plaintiffs and Collective

Members are all victims of Defendants' unlawful compensation scheme.

52. Plaintiffs and the Collective Members are all non-exempt for purposes of overtime wage payments under the FLSA.

53. Defendants' failure to pay overtime wages pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members. Plaintiff's experiences regarding pay is typical of the experiences of the Collective Members.

54. Although the exact amount of damages may vary among Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The Collective Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of illegal conduct in violation of the FLSA's overtime wage requirements caused harm to Plaintiff and Collective Members.

55. On information and belief, the number of similarly situated current and former non-exempt employees employed by Defendants exceeds 40 workers. Therefore, there are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

56. The foregoing paragraphs are fully incorporated herein.

57. At all material times, Plaintiff and Collective Members were Defendants' employee as defined by the FLSA.

58. At all times, Plaintiff and Collective Members were non-exempt employees for

purposes of overtime under the FLSA.

59. Defendants paid Plaintiff and Collective Members a salary for all hours worked, and therefore, Defendants violated Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff and Collective Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiff and Collective Members at a rate of not less than one-and-one-half times her regular rate for every hour worked over forty (40) in each workweek.

60. Plaintiff and Collective Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

61. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Plaintiff, or Collective Members.

## VIII. DAMAGES SOUGHT

62. The foregoing paragraphs are fully incorporated herein.

63. Plaintiff and Collective Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Collective Members were not paid at one-and-one-half times their regular rate. The regular rate shall include all remuneration paid by Defendants. *See* 29 C.F.R. 778.208.

64. Plaintiff and Collective Members are also entitled to an amount equal to all of the unpaid overtime wages as liquidated damages as Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

65. Plaintiff and Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX.  JURY DEMAND

66. Plaintiff demands a trial by jury on all triable issues.

## X.  PRAYER

67. Plaintiff and Collective Members pray for judgment against Defendants, jointly and severally, as follows:

   a. For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those who may join in the suit), and for liquidated damages equal in amount to the unpaid overtime wages due to Plaintiff (and those who may join in the suit);

   b. For an order awarding Plaintiff (and those who may join in the suit) all attorneys' fees incurred;

   c. For an order awarding Plaintiff (and those who may join in the suit) all costs and expenses incurred in pursuing this action;

   d. For an order awarding Plaintiff (and those who may join in the suit) an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

   e. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Allison H. Luttrell*
    Drew N. Herrmann
    Texas Bar No. 24086523
    drew@herrmannlaw.com
    Pamela G. Herrmann

        Texas Bar No. 24104030
        *pamela@herrmannlaw.com*
        Allison H. Luttrell
        Texas Bar No. 24121294
        *allison@herrmannlaw.com*

        **HERRMANN LAW, PLLC**
        801 Cherry St., Suite 2365
        Fort Worth, TX 76102
        Phone: 817-479-9229
        Fax: 817-840-5102

        ATTORNEYS FOR PLAINTIFF
        AND THE COLLECTIVE MEMBERS